IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01951-SKC-MDB

JACQUELINE ARMENDARIZ and
CHINOOK CENTER,

    Plaintiffs,

v.

CITY OF COLORADO SPRINGS,
DANIEL SUMMEY, a detective with the Colorado Springs Police Department,
in his individual capacity,
B.K. STECKLER, a detective with the Colorado Springs Police Department,
in his individual capacity,
JASON S. OTERO, a sergeant with the Colorado Springs Police Department,
in his individual capacity,
ROY A. DITZLER, a police officer with the Colorado Springs Police Department,
in his individual capacity,
FEDERAL BUREAU OF INVESTIGATION, and
THE UNITED STATES OF AMERICA,

    Defendants.

## PROTECTIVE ORDER

In this action, the parties anticipate that discovery may call for the disclosure of information maintained by the parties that is protected or confidential and should be protected from dissemination.

The Court has considered the Joint Motion for Entry of Stipulated Protective Order. Upon a showing of good cause in support of the entry of this Protective Order, the Court GRANTS the Motion. Thus, pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11) (the "Privacy Act") and Fed. R. Civ. P. 26(c), to protect the

1

discovery and dissemination of protected or confidential information in this case, IT IS HEREBY ORDERED:

1.      Notwithstanding any other provision in this Protective Order, to the extent the United States discloses to the parties of this litigation a document or information that would otherwise be protected by the Privacy Act, this Protective Order is an order of the court pursuant to 5 U.S.C. § 552a(b)(11) that allows for such disclosure.

2.      This Protective Order shall apply to documents, materials, and information identified as confidential pursuant to this Protective Order and disclosed pursuant to disclosure or discovery duties created by the Federal Rules of Civil Procedure or by Court order.  This includes, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information.

3.      The parties have agreed to designate certain information as "CONFIDENTIAL" and limit disclosure accordingly.  CONFIDENTIAL information means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom which, after having been reviewed by one of the lawyers for the parties, is designated by that lawyer as confidential based on a good faith belief that such documents or information are protected by a statutory, regulatory, or common law right of privacy or protection, including the Privacy Act

or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

4. A lawyer for the party designating any information as CONFIDENTIAL will make that designation in the following manner:

    a. By imprinting the word "CONFIDENTIAL" on any document;

    b. By imprinting the word "CONFIDENTIAL" next to or above any response to a discovery request; or

    c. With respect to documents, information, or data produced in a format in which imprinting the word "CONFIDENTIAL" is impractical (e.g., electronically stored information), by giving written notice to opposing counsel designating such documents, information, or data as "CONFIDENTIAL."

    d. Any reproduction of "CONFIDENTIAL" information must retain its "CONFIDENTIAL" designation.

5. Whenever a deposition involves the disclosure of Confidential information, the deposition or portions thereof may be designated as Confidential and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may also designate portions of depositions as Confidential after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

6. CONFIDENTIAL information shall not be used for any purpose except

the litigation of this case.

    7.    In addition to the restrictions set forth in Paragraph 6, information designated as CONFIDENTIAL shall not, without the consent of the party producing it or further order of the court, be disclosed to any person, except that such information may be disclosed to:

- a. Attorneys actively working on this civil action;
- b. Persons regularly employed or associated with the attorneys actively working on this civil action whose assistance is required by said attorneys in the maintenance of this action;
- c. The parties, including the individual parties and representatives of the parties;
- d. Witnesses who are or may be deposed in this action, or who may testify at trial, to the extent the witnesses' testimony may relate to documents designated as Confidential Information;
- e. Experts or consultants retained or consulted for this action by counsel to a party, and any support staff or other employees for such experts or consultants who are assisting in the expert's work for this action;
- f. Court reporters or stenographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony;

      g.      The court and necessary court staff; and

      h.      Such other persons as hereafter may be authorized by the Court upon motion of any party or by written agreement of all parties.

8.      Prior to disclosing any information designated as CONFIDENTIAL to any person listed in Paragraphs 7(c), (e), and (h), the party shall provide each such person with a copy of this Protective Order and shall obtain and retain a signed acknowledgment from each recipient of the Confidential Information in the form of Exhibit A, attached.  All such acknowledgments shall be retained by the party.  During the pendency of this action, counsel for any party may, upon court order or agreement of the parties, inspect the list maintained by counsel.  With respect to witnesses at a deposition, if the witness declines to sign the acknowledgment, the questioning party may show the witness information designated as CONFIDENTIAL so long as the witness is named in the document as a prior recipient.

9.      The designation as CONFIDENTIAL only affects how the receiving party or party's counsel handles such documents or information.  That is, the designation does not affect how the party or party's counsel who produces the document or information handles such documents or information apart from designating such documents or information as CONFIDENTIAL pursuant to this Protective Order.

10.      If a party inadvertently fails to designate information as

5

CONFIDENTIAL at the time of production, this shall not in itself be deemed a waiver of any claim of confidentiality as to that information.  The producing party may correct its failure to designate an item as CONFIDENTIAL by taking reasonable steps to notify all receiving persons of its failure, and by promptly supplying all receiving persons with new copies of any information bearing a corrected designation.  Within ten business days of receiving copies of any information bearing a corrected designation pursuant to this paragraph, the receiving persons shall return or destroy the improperly designated information, and certify in writing to the producing party that such materials have been returned or destroyed.

11. The parties will cooperate in good faith to resolve any disputes regarding whether information is properly designated as CONFIDENTIAL pursuant to this Protective Order. A party may object to the designation of particular CONFIDENTIAL information by another party by giving written notice to the party designating the disputed information, identifying the disputed documents, testimony, or information by bates label or other unique identifier. If the parties cannot resolve the objection within twenty-one (21) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion or initiate other appropriate procedures required by the presiding judge requesting that the Court determine whether the disputed information should be subject to the terms of this

Protective Order.  If such a motion is timely filed, or such other appropriate procedures are timely initiated, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the issue of the designation.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.  If such a motion is not timely filed, or such other appropriate procedures are not timely initiated, the disputed information shall no longer be treated as CONFIDENTIAL under the terms of this Protective Order.

12. Information designated as CONFIDENTIAL pursuant to this Protective Order, if part of a public filing, will be filed as a restricted document in accordance with D.C.COLO.LCivR 7.2(d).  In accordance with D.C.COLO.LCivR 7.2(d), either contemporaneously or within fourteen (14) days of the filing of the pleading or document, either party may file a motion to restrict access to the pleading or document.

13. Nothing contained in this Protective Order shall be construed to prejudice any party's right to use in open court any CONFIDENTIAL information, provided that reasonable notice of the potential disclosure of the CONFIDENTIAL information shall be given to the producing party so that the producing party may seek to prevent the disclosure or dissemination of the CONFIDENITIAL information, in advance of its use in open court.

14. Nothing in this Protective Order shall prevent any other use or disclosure of CONFIDENTIAL information by the party or entity that designated the information as such.

Within 45 days of the conclusion of this litigation, including any appeals, all copies of the CONFIDENTIAL information, including all protected health information, shall either be returned to the producing party or destroyed, except with respect to: (a) material that becomes a part of the public Court record in this matter or any appeals; (b) work product of counsel; and (c) transcripts, exhibits, and other documents required to be maintained by the Department of Justice's record retention policies. However, all counsel is entitled to retain a copy of their case file, under terms subject to this Protective Order, including information designated as Confidential.

15. If the parties agree to destroy the CONFIDENTIAL information, the destroying party shall provide the producing party with a certification or affidavit confirming the destruction. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL information received from the opposing party pursuant to this Protective Order, including information maintained as part of a counsel's case file.

16. By agreeing to the entry of this Protective Order, parties adopt no position as to the authenticity or admissibility of documents produced.

17. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion addressing how CONFIDENTIAL information shall be treated at trial.

18. Any inadvertent disclosure or production of information that is protected by any privilege, including the attorney-client, work product, deliberative process and/or law-enforcement privileges, shall not constitute a waiver of any available protection or privilege by the party who made the inadvertent disclosure or production.

19. Any party may, upon written notice to the other parties, move for an order modifying, amending, or dissolving the terms of this Protective Order.

20. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 26th day of January, 2024.

By the Court

Maritza Dominguez Braswell
United States Magistrate Judge

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01951-SKC-MDB

JACQUELINE ARMENDARIZ and
CHINOOK CENTER,

    Plaintiffs,

v.

CITY OF COLORADO SPRINGS,
DANIEL SUMMEY, a detective with the Colorado Springs Police Department,
in his individual capacity,
B.K. STECKLER, a detective with the Colorado Springs Police Department,
in his individual capacity,
JASON S. OTERO, a sergeant with the Colorado Springs Police Department,
in his individual capacity,
ROY A. DITZLER, a police officer with the Colorado Springs Police Department,
in his individual capacity,
FEDERAL BUREAU OF INVESTIGATION, and
THE UNITED STATES OF AMERICA,

    Defendants.

**WRITTEN ACKNOWLEDGMENT OF PROTECTIVE ORDER**

    I hereby acknowledge that I am about to receive CONFIDENTIAL information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that CONFIDENTIAL information as defined in the Protective Order, or any notes or other records that may be made regarding any such

1

materials, shall not be disclosed to any persons except as permitted by the Protective Order.

Date: _____

Printed Name _____    Signature_____